UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Stewart L.,

    Plaintiff,

v.

Kilolo Kijakazi, Acting Commissioner of
Social Security; Truestone Financial
Credit Union; and Abe Ross Levine,

    Defendants.

Case No. 21-cv-1443 (DTS)[1]

**REPORT AND RECOMMENDATION**

---

Plaintiff Stewart Levine brought this action against the Social Security Administration objecting to that agency's naming of his son, defendant Abe Ross Levine, as his representative payee. Levine also alleged that his son as well as defendant Truestone Financial Credit Union have subsequently misappropriated his social security benefits.

This Court previously ordered Levine to show cause why this his claim against the Social Security Administration should not be dismissed for failure to first present his claim to the Commissioner of Social Security. *See* Docket No. 4. "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ." 42 U.S.C. § 405(g). To obtain a final decision, a claimant must complete the appropriate process of

---

[1] Because not every party to this action has consented to proceed entirely before the undersigned, this Court cannot effect dismissal of this action. Accordingly, the Clerk of Court is directed to assign a district judge to this matter for review of this recommendation of dismissal in accordance with the District's ordinary assignment procedures.

1

administrative review before the Social Security Administration. *See* 20 C.F.R. § 404.900(a). This exhaustion requirement extends to challenges made to decisions of the Social Security Administration that a representative payee should be named on behalf of a claimant. *Monet v. Mathews*, 535 F. Supp. 2d 132, 133-36 (D.D.C. 2008); *McLoughlin v. Social Security*, No. 18-CV-2536 (PKC) (JO), 2018 WL 2088303, at *2 (E.D.N.Y. May 4, 2018). The complaint submitted by Levine offered no reason for the Court to believe that Levine had presented his claim to the Social Security Administration in a manner that entitled him to a "final decision," 42 U.S.C. § 405(g), and thereby permitted him to proceed to federal court. Accordingly, Levine was ordered to show cause why this matter should not be dismissed without prejudice for failure to first exhaust administrative remedies before the Social Security Administration. As part of the order to show cause, Levine was directed expressly to provide the written decision of the Social Security Administration denying his claim for relief. *See* Docket No. 4 at 2.

Levine has since responded to the order to show cause with a motion "to restore and return my social security benefits, supplemental security income, stimulus money, and any other monies designated for me." Docket No. 5. In that motion, Levine states that he has "assiduously" attempted to resolve the situation with the Social Security Administration, but to no avail. *Id.* at 1. In support of that statement, Levine submits as an exhibit a letter from the Social Security Administration notifying his son that he would be named representative payee on Levine's behalf. *See* Docket No. 6.

This Court has no reason to doubt Levine's sincerity when he states that he has attempted assiduously to resolve his dispute with the Social Security Administration before turning to federal court. But the exhibit filed by Levine demonstrates only that the

2

Social Security Administration had made an initial determination regarding who should act as representative payee. *See* 20 C.F.R. § 404.900(a)(1); 20 C.F.R. § 404.904. This was the beginning, not the end, of the administrative-review process required by statute and by regulation. After this initial determination, Levine was then required to request reconsideration of the decision and later, if dissatisfied with the reconsideration determination, to request a hearing before an administrative law judge. *See* 20 C.F.R. § 404.900(a)(1)-(3).[2] For this reason, this Court directed Levine to provide a copy of the decision of the administrative law judge denying his claim to remove his son as representative payee; without an adverse decision from an administrative law judge, Levine cannot yet proceed in federal court on that claim.

Despite having been afforded an opportunity to do so, Levine has not provided evidence showing that an administrative law judge has yet adjudicated the claim for which he seeks relief from the Social Security Administration. Until Levine exhausts the administrative-review process before the Social Security Administration, this Court lacks subject-matter jurisdiction for any claims subject to that administrative-review process. *See, e.g.*, *Richardson v. Astrue*, 355 F. App'x 978, 978 (8th Cir. 2009) (per curiam) (affirming dismissal on jurisdictional grounds). Accordingly, Levine's claim against the Social Security Administration must be dismissed without prejudice.

Levine's claims against the remaining defendants should also be dismissed without prejudice for lack of jurisdiction, but for a different reason. Unlike the claim

---

[2] Claimants are also generally, though not always, required to request review from the Appeals Council of the Social Security Administration if they are dissatisfied with the decision rendered by the Administrative Law Judge. *See* 20 C.F.R. § 404.900(a)(4); 20 C.F.R. § 404.966.

brought against the Social Security Administration, which relates to a decision of that agency and is therefore challengeable through the agency's review procedures, Levine contends that the remaining defendants have committed financial malfeasance and have misappropriated money belonging to him.  These claims need not be (and cannot be) exhausted through the Social Security Administration's review process.  That said, the claims brought against the remaining defendants are ultimately state-law claims for relief. *See Sylvester v. Sylvester*, No. 09-CV-2544 (JRM/FLN), 2009 WL 3711562, at *1-2 (D. Minn. Nov. 3, 2009).  Levine has not pleaded that the parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a), and this Court therefore also lacks original subject-matter jurisdiction over these state-law claims.  Accordingly, those claims must also be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, this Court RECOMMENDS that:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. The pending motions of plaintiff Stewart Levine [Dkt. Nos. 2 & 5] be DENIED AS MOOT.

Dated: July 30, 2021                                       s/David T. Schultz
                                                                         DAVID T. SCHULTZ
                                                                         U.S. Magistrate Judge